United States District Court
Southern District of Texas
**ENTERED**
November 25, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| **V.** | § | CR. No. 2:10-706-1 |
| | § | (C.A. No. 2:16-235) |
| **SERVANDO ALVARADO-CASAS** | § | |

## MEMORANDUM OPINION & ORDER

Defendant Servando Alvarado-Casas filed a motion seeking relief from his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2551(2015). D.E. 14. Relief is available, if at all, pursuant to a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Court construed this motion to be one pursuant to § 2255 in the companion case of Cause No. 2:10-CR-316-1 and issued an order providing the warnings pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), and requiring Alvarado-Casas to advise the Court of all of the claims he sought to bring. Alvarado-Casas filed an amended § 2255 in that case that also addresses his sentence in this case. *See* Cause No. 2:10-CR-316-1, D.E. 291.

### BACKGROUND

Alvarado-Casas was sentenced in 2010 to 120 months in the Bureau of Prisons for being a felon in possession of a firearm. Judgment was entered on October 25, 2010. He did not appeal.

### ANALYSIS

In *Johnson*, the Supreme Court held that the residual clause of the definition of violent felony was unconstitutionally vague in the Armed Career Criminal Act. *Johnson v. United States*, 135 S.Ct. 2551(2015. The ACCA defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—

1

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B).

The closing words of this definition, italicized above, have come to be known as the Act's residual clause. *Johnson*, 135 S.Ct. at 2555-56. Although Alvarado-Casas' base level offense was enhanced, it was enhanced based upon the characteristics of the weapon(s). *See* D.E. 6, ¶¶ 59-65.[1] *Johnson's* invalidation of the residual clause definition of a violent felony has nothing to do with Alvarado-Casas' enhancement for felon in possession of a firearm. As a result, his claim is without merit.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Alvarado-Casas has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

---

[1]. Specific Offense Characteristic: Pursuant to U.S.S.G. § 2K2.1(b)(1)(A), because the offense involved more than three firearms, the offense level is increased by two levels.

Specific Offense Characteristic: Pursuant to U.S.S.G. § 2K2.1(b)(4)(A), because the offense involved a stolen firearm, the offense level is increased by two levels.

*Id*.

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Alvarado-Casas cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## CONCLUSION

For the foregoing reasons, Alvarado-Casas' motion (D.E. 14) is **DENIED** and this action is **DISMISSED**. He is also **DENIED** a Certificate of Appealability. The Clerk is instructed to file copies of D.E. 288 and 291 from Cause No. 2:10-CR-316-2 in this case and in Cause No. 2:16-CV-235.

It is so **ORDERED**.

**SIGNED** this 22nd day of November, 2016.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE